Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4096 | **DATE** | September 5, 2012 |
| **CASE TITLE** | Gaither Tool Co. v. Summit Tool Co. | | |

**DOCKET ENTRY TEXT**

For the reasons provided in the Statement Section of this Order, Plaintiff's Motion to Enforce the Consent Judgment (Dkt. No. 10) is granted. Summit Tool Co., doing business as Ken-Tool, is ordered to pay costs and attorney's fees in regard to this motion and to submit to an accounting of its profits in connection with the use of the term "BEAD KEEPER" in its instructional videos. The status hearing set for 9/6/2012 is vacated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Gaither Tool Co. ("Gaither") brings this motion to hold Defendant Summit Tool Co., doing business as Ken-Tool ("Ken-Tool"), in contempt for violating the terms of a June 20, 2001, consent judgment. For the reasons that follow, the motion is granted.

In June 2001, Gaither brought suit against Ken-Tool asserting various claims for unfair competition, trademark infringement, consumer fraud, and deceptive trade practices. Gaither sought damages, an accounting, and permanent and preliminary injunctive relief. On June 20, 2001, the parties entered into a consent judgment. That judgment ordered that: "Within 30 days of the execution of the Settlement Agreement, KEN TOOL will cease any and all use of the term BEAD KEEPER, or any confusingly similar term, including in connection with a bead holding tool, unless and until GAITHER abandons use of the term BEAD KEEPER in connection with its bead holding tool and except as provided by Paragraph 3." Paragraph 3 provided that: "Until January 1, 2002, KEN TOOL may continue to distribute its current catalog which uses the term BEAD KEEPER in the ordinary and customary course of its business."

Gaither asserts that it recently learned that Ken-Tool again began using the term "BEAD KEEPER," in violation of this consent judgment. The violations at issue are the use of the term "BEAD KEEPER" in the written descriptions of certain instructional videos on Ken-Tool's Web site and You Tube promoting its tool Model No. 31713. Ken-Tool contends that the use of the term was inadvertent, and that it ceased use of the term "BEAD KEEPER" by Aug. 1, 2012, after receiving this motion.

II.

Civil contempt proceedings are governed by 18 U.S.C. § 401(3), which provides: "A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." A court may invoke this statute where a decree sets forth in detail an unequivocal command violated by the party in contempt. *TMT North America, Inc. v. The Magic Touch GmbH*, 57 F. Supp. 2d 586, 589 (N.D. Ill. 1999) (internal citations omitted).

| STATEMENT |
|---|

The moving party must establish by clear and convincing evidence that: "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1114 (N.D. Ill. 2012) (internal citations and quotations omitted).

A party may be found in contempt if it was not reasonably diligent in attempting to accomplish what was ordered, and a showing of willfulness is not necessary to hold a party in contempt. *Int'l Star Registry of Ill., Ltd. v. S.J. Group, Inc.*, 325 F. Supp. 2d 879, 883 (N.D. Ill 2004).

III.

After reviewing the materials submitted by the parties, I find that Ken-Tool did violate the consent judgment through its Internet videos promoting Tool No. 31713. First, there is no real dispute that the consent judgment was clear and unambiguous. Second, I find that Ken-Tool failed to make a diligent effort to comply with the order in regard to the complained-of instructional videos, and that its violation was significant.

Ken-Tool has submitted a declaration from its president, Douglas Romstadt, averring that for 10 years after the entry of the consent judgment, Ken-Tool did not use the term "BEAD KEEPER" in any way. Romstadt averred that the use of the term in the written titles and descriptions of its instructional videos was inadvertent, and that Ken-Tool was unaware of its use until Gaither brought this motion. Upon learning of the use of the "BEAD KEEPER" term, Ken-Tool took steps to remove it from the written titles accompanying its instructional videos and to review all marketing materials and packaging to make sure that the term was not used in those items. As of Aug. 1, 2012, Ken-Tool had removed the term from its web site and You Tube channel.

Ken-Tool used its web site and You Tube page to advertise its products, and it is responsible for the content of those sites. Ken-Tool argues that the use of the term "BEAD KEEPER," was inadvertent, but presents no evidence as to any efforts it undertook to prevent the use of term. In order to be reasonably diligent in complying with the consent judgment, then, Ken-Tool should have given clear instructions to its Web development staff to avoid the use of this term or taken steps to review the videos before they were placed on the Internet. *See Int'l Star Registry*, 325 F. Supp. at 883 (holding that failure to prevent use of Internet advertising bearing enjoined marks violated consent injunction). Additionally, while Ken-Tool argues that the use of the term "BEAD KEEPER" on these Web sites was minimal, those sites were viewed thousands of times.

Ken-Tool also argues that Gaither has failed to police the use of the "BEAD KEEPER" term by third parties, and in effect has abandoned its rights because the term has become generic. Ken-Tool submitted screen shots of web sites featuring the term "BEAD KEEPER." Ken-Tool, however, has not brought forth evidence that the "BEAD KEEPER" mark has lost all significance, or that Gaither has entirely stopped policing the use of the mark. *See McCarthy on Trademarks and Unfair Competition* § 17:17 (4th ed. 2012) (explaining that failure to sue third-party infringers is relevant to "abandonment" only when the failure causes the mark to lose all trademark significance."). As such, I cannot find that Gaither has abandoned the mark.

Finally, Gaither argues that Ken-Tool's violation was willful, and seeks treble damages. As evidence of willfulness, Gaither has brought forth evidence that Ken-Tool's bead holder tool Model No. 31711 is actually Gaither's tool, stamped with Ken-Tool's model and house mark, and that Ken-Tool's Model No. 31712 is a knock-off of another Gaither tool. This, Gaither argues, shows that Ken-Tool deliberately targets and imitates Gaither's tools. Ken-Tool maintains that the "BEAD KEEPER" marking on Model No. 31711 is hidden by an opaque polymer coating, and that it relied on the supplier's representation that the tools were not proprietary and were therefore appropriate for marking with Ken-Tool's brand and name. Through its president, the supplier, Ascot Supply Corp., denies making such a representation. Regardless, Gaither is not claiming that the concealed "BEAD KEEPER" marking on Model No. 31711 violates the consent judgment.[1]

| STATEMENT |
|---|
| Gaither makes that claim with regard to the instructional videos promoting the Model No. 31713 tool, but has not shown that the violations it complains of were willful.<br>      Regardless, Ken-Tool did violate the consent judgment, and the award of attorney's fees and an accounting of profits generated by the violation of the consent judgment, if any, are appropriate. *See World's Finest Chocolate v. World Candies, Inc.*, 409 F. Supp. 840, 846 (D.C. Ill. 1976). Gaither's motion is granted to the extent it seeks these remedies. |

1. Gaither Tool has sued Ken-Tool for appropriation of its trade dress in Case No. 12 C 5764, pending before Judge Pallmeyer.